UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN B. MCDONALD, JR., | No. 2:20-cv-0766 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J. BICKLE, et al., | |
| Defendants. | |

      Plaintiff, a litigant proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Defendants' motion for summary judgment has been fully briefed and is under review. See ECF Nos. 25, 29, 31. Deposition transcripts provided in support of that motion indicate that plaintiff expected to be released from prison in February 2022. See ECF No. 25-4 at 6. A recent search for plaintiff on the California Department of Corrections and Rehabilitation website, as he has identified himself by name and inmate number in the complaint, did not yield a result. See ECF No. 1 at 1; see also California Department of Corrections and Rehabilitation, https://inmatelocator.cdcr.ca.gov/search.aspx (insert "Calvin McDonald" or inmate number "AB3824" in search form) (last visited April 14, 2022). The docket continues to reflect plaintiff's last known address at Mule Creek State Prison.

1

It appears that plaintiff may have been released from custody and failed to notify the court of his current address. If so, this may indicate that plaintiff has abandoned this case.

It is plaintiff's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b) (requiring that a party appearing in propria persona promptly inform the court of any address change). When a pro se party fails to update their address, service of court orders at the address of record is fully effective as a matter of law. See Local Rule 182(f) ("Absent such notice [of current address], service of documents at the prior address of the . . . pro se party shall be fully effective.").

Should plaintiff receive this order he is directed to submit to this court, within thirty days after the filing date of this order, notice of his current address and a statement whether he wishes to proceed with this action. Failure of plaintiff to respond to this order within thirty days, provided the order is not returned by the U.S. Postal Service, shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Alternatively, if this order is returned by the U.S. Postal Service as undelieverable, failure of plaintiff to notify the court of his current address within sixty-three days thereafter shall result in a recommendation that this action be dismissed without prejudice. See Local Rule 183(b) ("If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days after the filing date of this order, plaintiff shall provide the court with notice of his current address and submit a statement indicating whether he wishes to proceed with this action. Failure of plaintiff to timely respond to this order, if the order is not returned as undeliverable by the U.S. Postal Service, shall result in a recommendation that this action be

dismissed without prejudice pursuant to Local Rules 110, 182(f).

2. Alternatively, in the event attempted service of this order is unsuccessful, thus preventing plaintiff's response, failure of plaintiff to notify the court of his current address within sixty-three (63) days after the return of the order by the U.S. Postal Service shall result in a recommendation that this action be dismissed without prejudice pursuant to Local Rule 183(b).

DATED: April 14, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE