UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN B. MCDONALD, | No. 2:20-cv-0766 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. BICKLE, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendants' motion for summary judgment on Claim One[1] of the complaint. ECF No. 25. The motion has been fully briefed. ECF Nos. 25, 29, 30, 31. For the reasons stated below, the undersigned will recommend that this action be dismissed for failure to prosecute, and that defendants' motion accordingly be denied as moot.

On April 15, 2022, after determining that plaintiff had likely been released from custody and that he had not notified the court of any change of address, the undersigned ordered plaintiff

---

[1] On April 22, 2020, the court found on screening of the original complaint that Claims One and Two were cognizable. See ECF Nos. 1, 5 at 4. Defendants' motion for summary judgment seeks judgment on Claim One only. See ECF No. 25-2 at 1-2, 4-8.

1

to notify the court of his current address and to submit a statement indicating whether he wanted to proceed with this case. ECF No. 32. Plaintiff was given thirty days to comply. Id. at 2-3. Plaintiff was cautioned that if the court's order was not returned as "undeliverable," a failure to respond within thirty days would result in a recommendation that the action be dismissed without prejudice. Id.[2]

To date, the court's April 15, 2022, order has not been returned as "undeliverable." The court accordingly presumes that that plaintiff received the order; in any event, service upon the address of record is deemed fully effective. See Local Rule 182(f). More than thirty days have passed, and plaintiff has not responded to the court's order in any way. Because plaintiff has disregarded the court's directive to affirm his intention to pursue this case despite his expectation of release from custody, the undersigned will recommend that this action be dismissed without prejudice pursuant to Local Rule 110 and Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and failure to obey a court order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Although the fourth factor—the general public policy favoring disposition of cases on their merits—weighs against dismissal, as it does in every case, the other factors favor dismissal. The court's need to manage its docket weighs strongly against the use of judicial resources to resolve dispositive motions in a case that has been abandoned by the plaintiff. When the court identified the fact that plaintiff likely had been released or was expecting release from custody, and invited plaintiff to affirm his continued intention to prosecute, plaintiff failed to respond. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc.,

---

[2] If the order had been returned to the court as undeliverable, plaintiff would have had 63 days to file a change of address before facing dismissal. Id. (citing Local Rule 183(b)).

542 F.2d 522, 524 (9th Cir. 1976) (citations omitted).  Having considered all the pertinent factors, the undersigned concludes that dismissal is appropriate under the circumstances presented here,

In light of the recommendation for dismissal, it will also be recommended that defendants' motion for summary judgment be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion for summary judgment (ECF No. 25) be DENIED as moot, and

2.  This action be DISMISSED without prejudice pursuant to Local Rule 110 and Rule 41(b), Fed. R. Civ. P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE